IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JASON CHRIST,<br><br>                 Plaintiff,<br><br>  vs.<br><br>STATE OF MONTANA, CITY OF MISSOULA POLICE DEPARTMENT, OFFICE OF THE PUBLIC DEFENDER, DETECTIVE STACY LEAR, JUDGE KAREN TOWNSEND, MISSOULA COUNTY DISTRICT ATTORNEYS JENNIFER CLARK and ANDREW PAUL,<br><br>                 Defendants. | CV 13–75–M–DWM-JCL<br><br>ORDER |

      A Fed. R. Civ. P. 16 preliminary pretrial conference is presently set to be conducted on August 29, 2013. On August 22, 2013, Defendants City of Missoula Police Department and Stacy Lear filed their Fed. R. Civ. P. 26(f) proposed discovery and scheduling plan. In their proposal the Defendants indicate that Plaintiff Jason Christ did not respond to their effort to confer with him relative to the required Rule 26(f) conference and plan, and he failed to participate in preparing a jointly proposed schedule. Therefore, IT IS HEREBY ORDERED that

1

the August 29, 2013 preliminary pretrial conference is VACATED, and the Court will set a schedule in this matter below.

Also, on August 21, 2013, Christ moved for a continuance of this action, and he moved for leave to file an amended complaint. Christ states he needs more time to prosecute this case due to medical conditions he has, and he needs more time to prepare a more detailed amended complaint which will contain new claims.

Defendants City of Missoula Police Department and Stacy Lear filed a brief in response to Christ's motions. Those Defendants oppose Christ's motion to continue these proceedings. They represent to the Court that contrary to Christ's description of his back injury and his asserted resulting inability to be active and prepare legal documents, Christ has been actively involved in legal proceedings in state court.

Based on the record before the Court, Christ has not presented sufficient convincing evidence of good cause warranting a continuance of these proceedings at this time. Therefore, IT IS HEREBY ORDERED that Christ's motion for a continuance is DENIED.

With respect to Christ's motion to amend his Complaint, Defendants City of Missoula Police Department and Stacy Lear state that they do not oppose the motion. Furthermore, the Court notes that Defendants Jennifer Clark and Andrew

Paul filed a motion on August 21, 2013, requesting the Court dismiss this action against them on the ground that Christ failed to effect service of his Complaint upon them within 120 days after it was filed with the Court as required by Fed. R. Civ. P. 4(m). Clark and Paul's motion is properly construed as a motion to dismiss for insufficient service of process under Fed. R. Civ. P. 12(b)(5). *Hernandez v. Senegor*, 2013 WL 1966122, *4 (E.D. Cal. 2013); *J.O. ex rel Overstreet v. City of Phoenix*, 2013 WL 623601, *2 (D. Ariz. 2013). The proper procedural vehicle for obtaining a dismissal under Rule 4(m) is Fed. R. Civ. P. 12(b)(5) which allows for a dismissal for "insufficient service of process[.]" *See Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal 2006).

Because Clark and Paul's motion to dismiss is deemed a motion filed under Rule 12(b)(5), the provisions of Fed. R. Civ. P. 15(a)(1) apply to Christ's motion to amend. Rule 15(a)(1) states as follows:

(a) Amendments Before Trial.

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> > [...]
>
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

3

Fed. R. Civ. P. 15(a)(1). Although Defendants City of Missoula Police Department and Stacy Lear filed their responsive pleading to Christ's Complaint on July 30, 2013 (Dkt. 4), they do not oppose Christ's motion to amend. *See* Fed. R. Civ. P. 15(a)(2). Consequently, the Court deems it appropriate to conclude that Clark and Paul's Rule 12(b)(5) motion triggered the 21 days within which Christ is permitted to amend his complaint once as a matter of course. Thus, Christ need not move for leave to amend, and IT IS HEREBY ORDERED that Christ's motion to amend his Complaint is DENIED as moot.

    1. Pursuant to Fed. R. Civ. P 16(b), the Court imposes the following schedule which will govern all further pretrial proceedings:

| | |
|---|---|
| Deadline for amending pleadings: | October 7, 2013 |
| Deadline for disclosure of affirmative liability and damages experts (all parties): | December 19, 2013 |
| Deadline for disclosure of responsive experts (all parties): | January 20, 2014 |
| Discovery deadline: | February 24, 2014 |
| Motions deadline (fully briefed): | March 24, 2014 |
| Attorney conference to prepare Final Pretrial Order: | June 2, 2014 |

| | |
|---|---|
| E-file Final Pretrial Order, Proposed Findings of Fact & Conclusions of Law, and trial briefs and e-mail to dwm_propord@mtd.uscourts.gov (trial briefs are optional): | June 16, 2014 |
| Notice to court reporter of intent to use real-time: | June 16, 2014 |
| Notice to I.T. supervisor of intent to use CD-ROM or video-conferencing: | June 16, 2014 |
| Final pretrial conference: | June 23, 2014, at 8:30 a.m. Russell Smith Courthouse Missoula, Montana |
| Bench trial: | June 23, 2014, immediately following the Final Pretrial Conference[1] Russell Smith Courthouse Missoula, Montana |

**Continuance of the above deadlines will not be granted, absent compelling reasons.** A continuance of any deadline set by this order does <u>not</u> extend any other deadline, particularly the motions deadline or trial deadline.

---

[1] Pursuant to 18 U.S.C. § 3161(h) and Fed.R.Crim.P. 50, criminal matters take priority over civil matters in the event of a conflict. Accordingly, all civil trial settings are subject to the Court's criminal calendar.

**IT IS FURTHER ORDERED:**

**2. Local Rules and electronic filing**. All counsel shall take steps to register in the Court's electronic filing system ("CM-ECF"). All counsel must show cause if they are not filing electronically. Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office. <u>See also</u> L.R. 1.4.

**3. Service by e-mail for parties not filing electronically**. Parties not filing electronically may consent to be served by e-mail, pursuant to Fed. R. Civ. P. 5(b)(2)(E), by agreeing to such service in writing. <u>See</u> L.R. 1.4(c)(3).

**4. Stipulations**. Pursuant to Fed. R. Civ. P. 16(c)(2)(C), the following facts are admitted and agreed upon: none established at this time

**5. Discovery exhibits**. <u>During discovery, the exhibits shall be numbered seriatim.</u> Numbers used for exhibits during discovery shall be identically used at trial.

**6. Foundation & authenticity of discovery items**. Pursuant to Fed. R. Civ. P. 16(c)(2)(C), the parties stipulate to the foundation and authenticity of all discovery items produced in pre-trial disclosure and during the course of discovery. However, if counsel objects to either the foundation or the authenticity of a particular discovery item, then counsel must make a specific objection to opposing counsel, in writing, within a reasonable time after receiving the item. If a discovery item is produced and the producing party objects either to its foundation

or authenticity, the producing party shall so state, in writing, at the time of production. All other objections are reserved for trial

**7. Supplementation of discovery responses**. Pursuant to Fed. R. Civ. P. 26(e), the parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

**8. Experts**. The parties informed the Court that they expect to engage experts in the following areas: none identified at this time

Experts, if engaged, must be disclosed in accordance with the time limits set forth in paragraph 1.

**9. Expert disclosure**.

(a) Retained or Specially Employed

Each party is responsible for ensuring that expert reports for any witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony, are complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify. Expert reports must satisfy the specific requirements of Fed. R. Civ. P. 26(a)(2)(B). Objections to the timeliness or sufficiency of a Rule 26(a)(2)(B) report must be made within 14 days of the disclosure date set forth in paragraph 1, or the objection will be deemed waived. <u>An inadequate report or</u>

<u>disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed</u>.  In this regard, a treating physician is not considered an expert witness unless the testimony offered by the treating physician goes beyond care, treatment and prognosis.  If the treating physician's testimony goes beyond care, treatment and prognosis then there must be full compliance with the discovery requirements of Fed. R. Civ. P. 26(a)(2)(B).

(b) Other Witnesses Who Will Present Expert Testimony.

With respect to those expert witnesses not required to provide a written report under Rule 26(a)(2)(B), a party must serve a disclosure, identifying the evidence and stating:

> (i) the subject matter on which the witness is expected to present evidence under Fed. R. Civ. Evid. 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

**10. Rebuttal experts**.  Any evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party as testimony or evidence to be offered by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, must be disclosed within thirty (30) days

of the date set forth in paragraph 1 for expert disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii).

**11. Supplementation of incomplete or incorrect expert reports**. Supplemental disclosures by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, whose report or deposition is <u>incomplete</u> or <u>incorrect</u>, must be disclosed no later than ninety (90) days before the date set for trial set forth in paragraph 1.

**12. Motions**. Pursuant to Fed. R. Civ. P. 16(b)(3)(A), all dispositive motions, discovery motions, and motions in limine shall be fully briefed by the date set forth in paragraph 1. "Fully briefed" means that the brief in support of the motion and the opposing party's response brief are filed with the court.

**13. Unopposed motions.** Unopposed motions shall be accompanied by a proposed order, separate from the motion. The proposed order shall be a Word Perfect document with 14-point Times New Roman font, and there shall be no code or formatting in the case caption in the proposed order. The proposed order shall be e-filed under the heading "Text of Proposed Order" and e-mailed to dwm_propord@mtd.uscourts.gov. Failure to comply with this procedure will result in delayed resolution of the unopposed motion.

**14. Hearings & oral arguments**. Parties shall provide an alphabetized index of cases expected to be referenced, with citations, to the Court Reporter immediately prior to any oral argument or hearing.

**15. Bench trial**. Bench trial of this case shall be conducted in Missoula, Montana, before the Honorable Donald W. Molloy.

**16. Attorney conference for trial preparation**. If the case does not settle, counsel for the plaintiff shall convene an attorneys' conference during the week indicated in paragraph 1, or before, to complete the Final Pretrial Order, to exchange exhibits and witness lists, and to complete or plan for the completion of all items listed in L.R. 16.5(b). The Final Pretrial Order shall comply with the form prescribed by Fed. R. Civ. P. 26(a)(3)(A)(i)-(iii) and Local Rule 16.4. Except for relevancy, objections to the use or designation of deposition testimony are waived if they are not disclosed on the opposing party's witness list, and objections to exhibits are waived if they are not disclosed on the opposing party's exhibit list. See generally Forms D, E, and F, Local Rules Appendix C.

**17. Trial Exhibits**.

    (a)    Counsel shall electronically exchange exhibits (by CD, DVD, e-mail, or other agreed upon method) with opposing counsel prior to the final pretrial

conference. Counsel must provide a binder of paper copies of the exhibits upon request of opposing counsel.

(b) Each exhibit must show the number of the exhibit. If paper copies of the exhibits are exchanged, the binders must bear an extended tab showing the number of the exhibit. The exhibit list must identify those exhibits the party expects to offer and those the party may offer if the need arises. Fed. R. Civ. P. 26(a)(3)(A)(iii); Form F, Local Rules Appendix C.

(c) Exhibits marked for use at trial that have not been numbered in discovery shall be marked by plaintiffs using an agreed upon range of arabic numbers and by defendants using a different agreed upon range of arabic numbers.

(d) Each exhibit must be paginated, including any attachments thereto. <u>Exhibits shall not be duplicated</u>. An exhibit may be used by either of the parties.

(e) Counsel shall file with the Court a CD or DVD of the exhibits, as well as one paper copy of the exhibits. The paper copy shall be formatted as described in (b), above. The electronic files and paper copy shall be delivered to the chambers of Judge Donald W. Molloy on or before the date of the final pretrial conference.

(f) <u>Failure to comply with (a) through (e) above may result in the exclusion of the exhibit at trial.</u>

**18. Final pretrial order**.  The parties should e-file the proposed Final Pretrial Order and e-mail a copy in Word Perfect format to dwm_propord@mtd.uscourts.gov.  Once filed and signed by the Court, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown.

**19. Final pretrial conference**.  Counsel for the parties shall appear before the Court in chambers at Missoula, Montana, for the final pretrial conference on the date and time set forth in paragraph 1.  Each party should bring Judge Molloy's copy of its trial exhibits if a copy has not already been delivered to chambers.

**20. Trial briefs**.  Trial briefs are optional but if filed must be received by the court on the date indicated in paragraph 1.

**21. Proposed Findings of Fact & Conclusions of Law.**

    (a)    The parties shall jointly prepare one copy of proposed Findings of Fact upon which they agree, with citations to the record for each Finding of Fact.  Each party may also prepare a separate proposed Findings of Fact with citations to the record for each Finding of Fact for matters upon which parties cannot reach agreement.

    (b)    The parties shall jointly prepare one copy of proposed Conclusions of Law upon which they agree, with appropriate citations for each Conclusion of

Law. Each party may also prepare a separate proposed Conclusions of Law with appropriate citations for each Conclusion of Law for matters upon which parties cannot reach agreement.

The parties should e-file the Proposed Findings of Fact & Conclusions of Law and e-mail a copy in Word Perfect format to dwm_propord@mtd.uscourts.gov on the date indicated in paragraph 1.

**22. Calling witnesses at trial**.

When a witness is called to testify at trial, counsel shall provide to the Clerk of Court four (4) copies of a single page document, see Form I, Local Rules Appendix C, providing the following information about the witness:

a) the full name and current address of the witness;

b) a brief description of the nature and substance of the witness's testimony;

c) date witness was deposed or statement taken; and

d) a listing of each exhibit to which the witness may refer during direct examination.

DATED this 26th day of August, 2013.

_____
Jeremiah C. Lynch
United States Magistrate Judge