IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JASON CHRIST,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, CITY OF MISSOULA POLICE DEPARTMENT, OFFICE OF THE PUBLIC DEFENDER, DETECTIVE STACY LEAR, and JUDGE KAREN TOWNSEND,<br><br>Defendants. | CV 13–75–M–DWM-JCL<br><br>FINDINGS & RECOMMENDATION |

Pro se Plaintiff Jason Christ ("Christ") commenced this action under 42 U.S.C. § 1983 following his conviction on felony intimidation charges in state court. Defendant Hon. Judge Karen Townsend ("Judge Townsend") moves to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Judge Townsend's motion should be granted.

I.  **Background**

1

On April 18, 2013, Christ was convicted of felony intimidation in violation of Mont. Code Ann. § 45-5-203, following a jury trial in the Montana Fourth Judicial District Court, Missoula County. Christ represented himself at the trial, and Judge Townsend is the state district court judge who presided over the case.

Christ filed his complaint in this case on the same day that the jury returned its verdict convicting him. He alleges that Judge Townsend violated his rights under the United States and Montana Constitutions by appointing standby counsel from the Office of the Public Defender, and issuing a search warrant during the middle of the criminal trial authorizing Detective Stacy Lear to seize his laptop, which contained his trial preparation materials. Christ claims that Judge Townsend violated his "rights to due process of law guaranteed by the Constitution of the United States under the Fourth and Fourteenth Amendments and Article II, Sections 10 and 11 of the Montana Constitution." Doc 1, ¶ 44. Christ seeks both monetary and injunctive relief under 42 U.S.C. § 1983, demanding that "a mandatory injunction" be issued directing the return of his personal property and ordering the Office of the Public Defender to follow the law and provide him with "the same legal services" it provides to its other clients. Doc. 1, at 21-22.

Judge Townsend moves to dismiss Christ's claims under 42 U.S.C. § 1983 and his state constitutional claims based on the doctrine of judicial immunity, and argues that the injunctive relief he seeks is barred under § 1983. Judge Townsend

also moves to dismiss Christ's claims against the State of Montana ("the State") to the extent they are premised on her alleged misconduct.

## II. Legal Standard

Fed. R. Civ. P. 12(b)(6) permits a party to move for dismissal where the allegations of a pleading "fail[] to state a claim upon which relief can be granted." A cause of action may be dismissed under Fed. R. Civ. P. 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint will survive a motion to dismiss if it alleges facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory," then dismissal under Rule 12(b)(6) is appropriate. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Where, as here, a plaintiff is proceeding pro se, the court should construe the pleadings liberally. *See e.g. Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d

621, 623 (9th Cir. 1988); *Ortez v. Washington County Oregon*, 88 F.3d 804, 807 (9th Cir. 1996).

Judge Townsend filed her motion to dismiss on September 5, 2013. Pursuant to Local Rule 7.1(d)(1)(B), Christ's response to the motion was thus due on or before September 26, 2013. As of the date of these Findings and Recommendation, however, Christ has not filed any response to Judge Townsend's motion. Local Rule 7.1(d)(1)(B) provides that a "failure to file a response brief may be deemed an admission that the motion is well-taken." The Court will nonetheless address the merits of Judge Townsend's motion, and consider whether the Christ has in fact stated a claim against her.

## III. Discussion

### A. Judicial Immunity

#### 1. *42 U.S.C. § 1983*

It is well-established that judges are absolutely immune from civil liability for judicial acts taken in their official capacity. *See e.g. Pierson v. Ray*, 386 U.S. 547, 554-55 (1967). This immunity applies to suits under 42 U.S.C. § 1983. *Pierson*, 386 U.S. at 554-55; *Sherman v. Babbitt*, 772 F.2d 1476, 1477 (9th Cir. 1985). The doctrine of judicial immunity provides an absolute immunity from suit, not just from an assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial "immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in

exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) (*quoting Bradley v. Fisher*, 80 U.S. 335, 347 (1871)).

Judges are entitled to immunity "for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 425 U.S. 349, 356 (1978) (*quoting Bradley*, 80 U.S. at 351). *See also Mireles,* 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice"). Even "grave procedural errors" do not deprive a judge of immunity. *Ashelman v. Page*, 793 F.2d 1072, 1077 (9th Cir. 1986) (*citing Stump*, 435 U.S. at 359)).

There are only two exceptions to judicial immunity: (1) where a judge is not acting in his "judicial capacity"; or (2) where a judge acts "in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. *See also Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006). "A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction." *Miller v. Davis*, 521 F.3d 1142, 1147 (9th Cir. 2008). Where "jurisdiction over the subject-matter is invested by law in the judge or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case." *Stump*, 435 U.S. at 356 n. 6.

Here, Christ seeks to hold Judge Townsend liable under § 1983 for allegedly violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution.[1] The only substantive, factual allegations that Christ makes against Judge Townsend are that she is responsible for violating his constitutional rights because she (1) appointed standby counsel from the Office of the Public Defender, and (2) issued an improper search warrant.

There can be no real dispute that Judge Townsend was acting in her judicial capacity when she appointed standby counsel for Christ in the criminal proceedings against him, and signed off on the search warrant he complains of. Nor is there any indication that Judge Townsend was acting in the clear absence of all jurisdiction. To the contrary, it is well-established that Montana's district courts have "original jurisdiction in all criminal cases amounting to felony..." Mont., Code Ann. § 3-5-302(1)(a). And district court judges have the authority under Montana law to issue search warrants and appoint standby counsel. *See* Mont. Code Ann. § 46-5-220; *State v. Brown*, 741 P.2d 428, 431 (Mont. 1987); *Cooks v. Newland*, 395 F.3d 1077, 1080 (9th Cir. 2005). Judge Townsend's actions in Christ's criminal case clearly fall within these broad jurisdictional grants.

---

[1] To the extent Christ's § 1983 claim alleges that Judge Townsend also violated his rights under the Montana Constitution, the claim fails as a matter of law. It is well-established that § 1983 does not allow relief for alleged violations of state law or state constitutional rights. *See e.g. Maizner v. Hawaii, Dept. of Educ.*, 405 F.Supp.2d 1225, 1240 (D. Hawaii 2005) (*citing Moreland v. Las Vegas Metro. Police Dept,* 159 F.3d 365, 371 (9th Cir. 1998)). Even if it did, Judge Townsend would be entitled to judicial immunity for the reasons set forth below.

Even accepting Christ's allegations as true, there is no indication that Judge Townsend was acting outside her judicial capacity or in the clear absence of jurisdiction. Judge Townsend is thus entitled to judicial immunity and Christ's § 1983 claim should be dismissed.[2]

2. *State law claims*

Presumably invoking this Court's supplemental jurisdiction under 28 U.S.C. § 1367, Christ also asserts state law claims alleging that Judge Townsend violated his rights under the Montana Constitution by appointing standby counsel and issuing the search warrant.

The Court looks to state substantive law for purposes of determining whether Judge Townsend is entitled to judicial immunity from Christ's state law claims. *See Bass v. First Pacific Networks, Inc.*, 219 F.3d 1052, 1055 n. 2 (9th Cir. 2000). The test for judicial immunity under Montana law is similar if not identical to the federal law test. Mont. Code Ann. § 2-9-112(2) provides that a member "of the judiciary is immune from suit for damages arising from the lawful discharge of an official duty associated with judicial actions of the court."

A judge is not entitled to judicial immunity if his act "(1) is not normally a function performed by a judge, and (2) the judge acts in the 'clear absence of all jurisdiction.'" *Hartsoe v. Tucker*, 2013 WL 4816084 *1 (Mont. Sept. 10, 2013)

---

[2] Even if Judge Townsend somehow acted in excess of her authority by appointing standby counsel or issuing the search warrant, she would still be entitled to judicial immunity. *Stump*, 435 U.S. at 355-57.

(*quoting Stump v. Sparkman*, 435 U.S. 349, 356-62 (1978). "If a judge has subject-matter jurisdiction over the act in question, he is entitled to immunity." *Hartsoe*, 2013 WL 4816084 *1. Montana's "immunity statute applies to judicial acts without limitation", even if the action taken by the judge "was in error or in excess of his authority." *Hartsoe*, 2013 WL 4816084 *1.

As discussed above, Judge Townsend was performing her normal duties as a judge when she appointed standby counsel for Christ and issued the search warrant. Judge Townsend's court had subject matter jurisdiction over the felony criminal proceedings, and all of Christ's claims against her arise from the exercise of that jurisdiction.

Even accepting the allegations in Christ's complaint as true, there is nothing to suggest that Judge Townsend ever acted outside of her judicial capacity or in the clear absence of all jurisdiction while presiding over the criminal proceedings in state court. Judge Townsend is thus entitled to judicial immunity, and Christ has failed to state a claim for relief under § 1983 or Montana law.

### B.  Injunctive Relief

Christ has alleged a claim for injunctive relief under 42 U.S.C. § 1983, demanding that "a mandatory injunction" be issued directing the return of his personal property and ordering the Office of the Public Defender to follow the law and provide him with "the same legal services" it provides to its other clients. Doc. 1, at 21-22.

Judge Townsend argues this claim is barred by § 1983, which states that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in [the] officer's judicial capacity, unless a declaratory decree was violated or declaratory relief was unavailable." As Judge Townsend correctly points out, Christ has not alleged that she violated a declaratory decree or that declaratory was unavailable. Christ's claim for injunctive relief against Judge Townsend is thus precluded under § 1983, and is properly dismissed.

### C. State of Montana

Judge Townsend also moves to dismiss Christ's claims against the State of Montana ("the State") to the extent they are premised on her alleged misconduct. Notably, however, counsel for Judge Townsend does not represent the State. In fact, the State has not yet entered an appearance in the case and there is no indication that it has been served with process. Under the circumstances, it would be premature to consider whether Christ's claims against the State fail to state a claim for relief to the extent they are premised on Judge Townsend's alleged misconduct.

## IV. Conclusion

For the reasons set forth above,

IT IS RECOMMENDED that Judge Townsend's motion to dismiss be GRANTED.

DATED this 3rd day of October, 2013

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge