IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JASON CHRIST,<br><br>              Plaintiff,<br><br>  vs.<br><br>STATE OF MONTANA, CITY OF MISSOULA POLICE DEPARTMENT, OFFICE OF THE PUBLIC DEFENDER, DETECTIVE STACY LEAR, and JUDGE KAREN TOWNSEND,<br><br>              Defendants. | CV 13–75–M–DWM-JCL<br><br>ORDER |

      Plaintiff Jason Christ moves the Court – a second time – to dismiss, without prejudice, the claims he advances against Defendants City of Missoula Police Department ("City of Missoula") and Detective Stacy Lear. For the reasons detailed below, the motion is denied.

      Christ filed his complaint commencing this action on April 18, 2013. By Order entered May 2, 2013, the Court scheduled a Fed. R. Civ. P. 16 pretrial conference for August 29, 2013. On July 20, 2013, the City of Missoula and Lear voluntarily appeared by filing a joint answer to Christ's complaint.

      On August 21, 2013, Christ filed a motion requesting the Court to stay all

proceedings for a period of 45 days. The City of Missoula and Lear objected to the stay. In view of Christ's motion, the Court, by order entered August 26, 2013, vacated the August 29, 2013, preliminary pretrial conference and established a Federal Rule of Civil Procedure Rule 16 scheduling order to govern all further pretrial proceedings. A discovery deadline of February 24, 2014, was established with a trial date of June 23, 2014.[1]

On August 28, 2013, Christ filed a motion to dismiss the entire action without prejudice. The City of Missoula and Lear objected to a dismissal without prejudice. By Order entered August 29, 2013, the Court denied Christ's request that the action be dismissed without prejudice.

For purposes of completeness, the Court notes that on September 30, 2013, Christ's claims against Defendants Jennifer Clark and Andrew Paul were dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for Christ's failure to complete proper service. On October 20, 2013, Christ's claims against Judge Karen Townsend were dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) on the basis of judicial immunity. Finally, on October 30, 2013, Christ's claims against Defendant State of Montana and the Office of Public Defender

---

[1] The order inadvertently stated that trial would be a bench trial. Consequently, the scheduling order was amended by order entered August 30, 2013, to reflect that the trial would be a jury trial.

were dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for Christ's failure to complete proper service. Thus, the only remaining defendants in the case are the City of Missoula and Lear.

Christ's motion is both procedurally and substantively defective. Procedurally, the motion asks the Court, in essence, to reconsider its Order of August 29, 2013, denying his prior motion to dismiss without prejudice – a motion which the Court treated as a Fed. R. Civ. P. 41(b) motion. But Local Rule 7.3 prohibits a party from filing a motion for reconsideration without prior leave of court. Additionally, Christ's motion fails to satisfy either of the mandatory criteria identified in the Local Rule 7.3(b) essential to obtaining leave to file a motion for reconsideration. In this regard, Christ emphasizes that his motion for dismissal without prejudice is not predicated upon Fed. R. Civ. P. 41. Rather, he asserts the Court must dismiss the action without prejudice pursuant to Fed. R. Civ. P. 4(m) – arguing that because he never served the City of Missoula or Lear in accordance with Fed. R. Civ. P. 4, the Court cannot exercise jurisdiction over the City of Missoula or Lear. But nothing in either the facts or law is different now than when he filed his first motion seeking a dismissal of this action without prejudice.

The procedural impropriety of Christ's motion aside, his motion – as predicated upon Fed. R. Civ. P. 4(m) – is lacking in substantive merit. There

exists a long line of authority holding that a voluntary appearance submits the appearing party to the jurisdiction of the Court. *New York Times Co. v. Sullivan*, 376 U.S. 254, 260 n. 4 (1964); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). Thus, jurisdiction attaches if defendant makes a voluntary general appearance, as by filing an answer through an attorney. *Jackson*, 682 F.2d at 1347. Therefore,

IT IS HEREBY ORDERED that Plaintiff Jason Christ's motion to dismiss the claims he advances against Defendants City of Missoula and Stacy Lear is properly DENIED.

DATED this 21st day of November, 2013.

Jeremiah C. Lynch
United States Magistrate Judge